**UNITED STATES DISTRICT COURT FOR THE**
**FEDERAL DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Paul Shingleton | : | |
| 2027 Grant Ave. | : | |
| St. Albans, WV 25177 | : | No.: 21-20211 |
| Plaintiff(s) | : | |
| v. | : | |
| | : | |
| Gamar Virgin | : | |
| 189 N Maple Ave. | : | |
| East Orange, NJ 07017 | : | |
| And | : | JURY TRIAL DEMANDED |
| Major Trucking Corp. | : | |
| 5 Deerfield Park, Apt. 7 | : | |
| Hightstown, NJ 08520 | : | |
| Defendant(s) | : | |

**FIRST AMENDED COMPLAINT**

**PARTIES**

1. Plaintiff, Paul Shingleton, is a citizen and resident of the State of West Virginia, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Gamar Virgin, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Major Trucking Corp., is a corporation incorporated in the State of New Jersey with its principal place of business located in New Jersey at the address listed in the caption of this Complaint.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties and subject matter of this Civil Action.

5. The parties to this civil action are citizens of different states.

6. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

8. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1) as the plaintiff is a citizen, resident, and domiciled in West Virginia; and the defendants are citizens, residents, and domiciled in New Jersey.

9. Complete diversity exists between the parties to this civil action.

10. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1).

12. 28 U.S.C. § 1391(b)(1) states, "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located."

13. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) in that all defendants reside in New Jersey.

14. On or about August 7, 2020, at approximately 8:10 a.m., Plaintiff, was the operator of a motor vehicle which was traveling westbound on the Cross Bronx Expressway, at or near its intersection with Pugsley Ave., in Bronx, NY.

15. At or about the same date and time, Defendant, Gamar Virgin, was the operator of a motor vehicle, owned by Defendant, Major Trucking Corp., which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

16. At or about the same date and time, Defendants' vehicle was involved in a motor vehicle collision rear-ending the Plaintiff's vehicle.

17. At all times relevant hereto, upon information and belief, Defendant, Gamar Virgin, was operating the aforementioned Defendant, Major Trucking Corp.'s vehicle as Defendant's servant and/or employee acting in the scope of his/her agency.

18. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end Plaintiff's vehicle.

19. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

20. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the lower back and left shoulder, as set forth more fully below.

## COUNT I
### Paul Shingleton v. Gamar Virgin
### Personal Injury–Negligence

21. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

   a. Rear-ending Plaintiff's vehicle, causing the Plaintiff's vehicle to strike a vehicle in the lane next to him/her;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating his vehicle in a negligent and/or careless manner as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have his vehicle under proper and adequate control;

f. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a rear-end collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

    s. Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t. Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

22. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the lower back and left shoulder, all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Shingleton, prays for judgment in his favor and against Defendant, Gamar Virgin, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Paul Shingleton v. Major Trucking Corp.
### Negligent Entrustment

28. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

29. The negligence and/or carelessness of Defendant, Major Trucking Corp., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant, Gamar Virgin, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting Defendant, Gamar Virgin to operate the motor vehicle when Defendant, Major Trucking Corp., knew, or in the exercise of due care and

      diligence, should have known that Defendant, Gamar Virgin, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Major Trucking Corp., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Gamar Virgin's negligent operation of the motor vehicle

30. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the lower back and left shoulder, all to Plaintiff's great loss and detriment.

31. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

34. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Shingleton, prays for judgment in his favor and against Defendant, Major Trucking Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT III
### Paul Shingleton v. Major Trucking Corp.
### Respondeat Superior

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

37. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle, causing Plaintiff's vehicle to strike a vehicle in the next lane ahead of him/her;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent manner so as to rear-end Plaintiff's vehicle;

   e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a rear-ending collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable

      diligence, should have seen, that further operation in that direction would result in a collision;

  t. Driving too fast for conditions;

  u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

  38. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the lower back and left shoulder, all to Plaintiff's great loss and detriment.

  39. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

  40. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

  41. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

  42. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

43.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Shingleton, demands judgment in his favor and against Defendant, Major Trucking Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____/s/_____
Marc I. Simon, Esquire